UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF A. HAWKINS, | No. C 08-1482 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| R. HOREL, warden, | |
| Respondent. | |

## INTRODUCTION

Jeff A. Hawkins, currently incarcerated at Pelican Bay State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application and motion for appointment of counsel also are before the court for its consideration.

## BACKGROUND

According to the habeas petition, Hawkins was convicted in Alameda County Superior Court of mayhem, attempted murder and assault with a deadly weapon. After the guilt phase trial, there was a trial on Hawkins' sanity; he was found to have been sane at the time he committed the offenses. He apparently was sentenced to a term of thirty years in state prison.

Hawkins appealed. His conviction was affirmed by the California Court of Appeal in 2006 and his petition for review was denied by the California Supreme Court in 2007. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges five claims: (1) Hawkins' right to due process was violated by the trial court's refusal to give requested instructions on imperfect self-defense based on a delusion; (2) Hawkins' right to due process was violated by the trial court's refusal to give requested instructions on voluntary intoxication; (3) the jury instruction given on flight as evidence of guilt violated Hawkins' right to due process; (4) the imposition of the upper term sentence on the attempted murder conviction violated his Sixth and Fourteenth Amendment rights; and (5) there was insufficient evidence to support the finding that Hawkins was sane at the time he committed the crime. Liberally construed, these claims are cognizable in federal habeas and warrant a response from respondent.

Hawkins has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is required at this time in this action to prevent a due process

2

1  violation. Although there is substantial evidence that Hawkins is mentally ill, the record
2  indicates that he is now being medicated for that mental illness. Also, his claims all
3  apparently were raised in the direct appeal, and therefore would have been briefed by counsel
4  already.   The motion for appointment of counsel is denied without prejudice.

## CONCLUSION

For the foregoing reasons,

1.  The petition states cognizable claims for habeas relief and warrants a response.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3.  Respondent must file and serve upon petitioner, on or before **September 19, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 31, 2008**.

5.  Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Petitioner's in forma pauperis application is GRANTED. (Docket # 2.)

7.  Petitioner's motion for appointment of counsel is DENIED. (Docket # 3.)

IT IS SO ORDERED.

DATED: July 17, 2008

Marilyn Hall Patel
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFF A. HAWKINS,

        Plaintiff,

  v.

R. HORAL et al,

        Defendant.

Case Number: CV08-01482 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeff A. Hawkins F-18885
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: July 18, 2008

                              Richard W. Wieking, Clerk
                              By: Anthony Bowser, Deputy Clerk